UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAMANTHA RICHARDSON, the natural mother of decedent KARINA MOORE; AALIYAH MOORE, sibling of decedent KARINA MOORE; SHAWN MOORE, sibling of decedent KARINA MOORE, and KARIN ROGERS, the Maternal Grandmother of KARINA MOORE, and the Estate of KARINA MOORE,<br><br>    Plaintiffs,<br><br>  v.<br><br>The IDAHO DEPARTMENT OF HEALTH AND WELFARE, a political subdivision of the State of Idaho; STACEY WHITE, personally and in her official capacity; JENNIFER DUNCAN, personally and in her official capacity; JEREMY M. CLARK and AMBER M. CLARK and the marital community; John Doe 1 and John Doe 2 and others to be named hereafter;<br>and the real property located at:<br>1605 E. 2nd Avenue, Post Falls, Idaho, legally described as:<br><br>Lot 3 Block 6, RIVERVIEW PARK ADDITION AT POST FALLS, Kootenai County, State of Idaho, according to the plat recorded in Book "D" of Plats, Page 161, records of Kootenai County, Idaho,<br><br>    Defendants. | Case No. 2:10-CV-648-BLW<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Reopen (Dkt. 48). For the reasons set forth below the Court will lift the order staying the case pursuant to 11 U.S.C. § 362, and withdraw Bankruptcy Case No. 10-20466-TLM's reference to the Bankruptcy Court on its own motion. Upon lifting the stay in this case, the Court will first consider the question of whether Plaintiffs' claims are dischargeable.

## ANALYSIS

This is a wrongful death case. In November 2008, Amber and Jeremy Clark accepted custody as foster parents of Plaintiff Samantha Richardson's two-year-old daughter. Plaintiffs allege that Amber and Jeremy Clark caused the death of Ms. Richardson's daughter.

On April 19, 2010, the Clarks filed bankruptcy. The bankruptcy case was noticed to creditors as a "no asset" chapter 7 case, and the Clarks were granted a discharge on August 12, 2010. The discharge of the bankruptcy occurred before Plaintiffs filed this case on December 30, 2010. But the factual circumstances giving rise to the Complaint arose before the Clarks filed bankruptcy. In April 2011, the Clarks filed a motion to dismiss, arguing that Plaintiffs' claims were barred by the bankruptcy discharge. Briefing on such issues occurred, and on May 27, 2011, the Court entered an order staying this action due to the bankruptcy issues.

On June 7, 2011, Plaintiffs filed a motion to reopen the bankruptcy case in Bankruptcy Case No. 10-20466-TLM. In addition, Plaintiffs asked for a ruling from the

Bankruptcy Court declaring that Plaintiffs' claims were not barred by the Clark's discharge. Plaintiffs concede that their negligence claims against the Clarks would be barred, but they contend that they have asserted claims qualifying under Section 523(a)(6) as a "willful and malicious" injury.

The Bankruptcy Court granted the motion to reopen the Clark's bankruptcy case, but declined to decide whether Plaintiffs' claims would be barred by the discharge. *Bankruptcy Court Decision,* Dkt. 49-1. The Bankruptcy Court found that a wrinkle was created by 28 U.S.C. § 157(b)(5). *Id.* at 11. That section, in addressing the referral of matters from the District Court to the Bankruptcy Court and the powers of the Bankruptcy Court, provides that all wrongful death claims shall be tried in the District Court. 28 U.S.C. § 157(b)(5). This creates a problem because the Bankruptcy Court would necessarily have to consider the wrongful death allegations in deciding whether Plaintiffs' claims against the Clarks were dischargeable under Section 523(a)(6). To solve this problem, the Bankruptcy Court recommended that this Court withdraw its reference to the Bankruptcy Court and consider the dischargeability issue in this case. *Bankruptcy Court* at 12, Dkt. 49-1.

Heeding the Bankruptcy Court's recommendation, the Court, on its own motion, will withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). As the Bankruptcy Court noted, this action has already commenced and is pending. *Id.* at 13. "Judicial economy, if nothing else, suggests that the Civil Action would be the most convenient and logical place for [Plaintiffs] to attempt to establish, in addition to the threshold matter of [the

Clarks'] liability, the basis for a judgment that such liability also falls within the parameters of § 523(a)(6)." *Id.* The Court will therefore consider whether the Clarks' alleged liability falls within § 523(a)(6).

To that end, the Court will lift the automatic stay in this case and withdraw the reference to the Bankruptcy Court, so it can first consider the § 523(a)(6) issue. Plaintiffs shall amend their Complaint in this case to only state "intentional" claims against the Clarks. The Court will then set a telephonic scheduling conference to set new dates in this matter. During the scheduling conference, the Court will set the matter for hearing with discovery deadlines to disclose witnesses, documents, and medical data specific to the issue of whether the death of Ms. Richardson's daughter occurred by "willful and malicious" actions of the Clarks. Discovery and dispositive motions can thus be staged in that manner.

## ORDER

IT IS ORDERED that Plaintiffs' Motion to Reopen (Dkt. 48) is GRANTED. The automatic stay this Court entered shall be lifted, and the Clerk of the Court shall withdraw the reference to the bankruptcy case for Bankruptcy Case No. 10-20466-TLM. Upon lifting the stay in this case, the Court will first consider the question of whether Plaintiffs' claims are dischargeable. To that end, the Court will set a telephonic scheduling conference to set a hearing and discovery deadlines on this issue. Plaintiffs shall file an Amended Complaint *by November 23, 2011* omitting any negligence claims against the Clark

DATED: **November 8, 2011**

B. LYNN WINMILL
Chief Judge U.S. District Court