UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| SAMANTHA RICHARDSON, the natural mother of decedent KARINA MOORE; AALIYAH MOORE, sibling of decedent KARINA MOORE; SHAWN MOORE, sibling of decedent KARINA MOORE, and KARIN ROGERS, the Maternal Grandmother of KARINA MOORE, and the Estate of KARINA MOORE, | Case No.  2:10-cv-00648-BLW |
| | SECOND AMENDED MEMORANDUM DECISION AND ORDER |

                            Plaintiffs,

      v.

The IDAHO DEPARTMENT OF HEALTH AND WELFARE, a political subdivision of the State of Idaho; STACEY WHITE, personally and in her official capacity; JENNIFER DUNCAN, personally and in her official capacity; JEREMY M. CLARK and AMBER M. CLARK and the marital community; John Doe 1 and John Doe 2 and others to be named hereafter; and the real property located at: 1605 E. 2nd Avenue, Post Falls, Idaho,legally described as:

Lot 3 Block 6, RIVERVIEW PARK ADDITION AT POST FALLS, Kootenai County, State of Idaho, according to the plat recorded in Book "D" of Plats, Page 161, records of Kootenai County, Idaho,

                 Defendants.

**INTRODUCTION**

Minor child, K.M., died from a series of blunt force blows to her head while in the care of her foster parents, Defendants Jeremy M. Clark and Amber M. Clark. *Compl.* ¶ 6, Dkt. 1.  Plaintiff Samantha Richardson, K.M.'s mother, claims that she complained to Defendants Stacy White and Jennifer Duncan, both social workers employed by the Idaho Department of Health and Welfare, that K.M. had sustained injuries while under the foster care of the Clarks.  Richardson maintains that both White and Duncan did nothing in response to her complaints.  Now, K.M.'s family, the plaintiffs in this action, claim that the Clarks, White and Duncan, and the Department are responsible for K.M.'s death.

In their Amended Complaint, Plaintiffs allege that the Department "had a duty to competently investigate allegations of abuse against the CLARKS and reported by Plaintiff RICHARDSON," and the Department "negligently and with reckless indifference failed to comply with their duty to competently investigate these claims of abuse….which "resulted in increased danger to decedent KARINA MOORE resulting in her death." *Am. Compl.*, Claims Section ¶ 5.  In addition, Plaintiffs contend that the Department (1) failed to comply with its "duty to train foster care providers to protect against abuse such as perpetrated by the CLARKS," *id.* ¶ 10; and (2) failed to comply with its "duty to competently supervise foster care homes to minimize the abuse such as

**MEMORANDUM DECISION AND ORDER - 2**

that perpetrated by the CLARKS," *id.* ¶ 11.   Plaintiffs have filed and served a Notice of Tort Claim on the Department.  *Id.* ¶ 2.

Plaintiffs also allege that the Department acted in concert with the Clarks to deprive Plaintiffs and the decedent of certain rights protected under the federal and state constitutions.  *Id.* ¶¶ 12-28.  Specifically, Plaintiffs claim that they "represent a protected class as a racial minority who has suffered as a result of their racial heritage" and "[s]aid joint action between IDHW and CLARKS constitute a conspiracy involving state action resulting in the depravation [sic] of [K.M.]'s constitutionally protected rights" in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985, and1986.  *Id.*

The Department moves to dismiss Plaintiffs' Amended Complaint, arguing that the claims against it are barred by the Eleventh Amendment.  For the reasons set forth below, the Court will grant the Department's Motion.

## ANALYSIS

"The Eleventh Amendment creates a jurisdictional bar to private damages actions against states in federal court."  *See Leer v. Murphy,* 844 F. 2d 628, 631 (9th Cir. 1988).  Eleventh Amendment immunity extends to state agencies.  *Id.*  Yet, few rules are without exceptions.   For example, a state may waive its sovereign immunity.  *See Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  But the state of Idaho has not waived sovereign immunity for state or federal constitutional violations.  *Id.*  Thus, Plaintiffs' constitutional claims against the Department are barred.

MEMORANDUM DECISION AND ORDER - 3

Plaintiffs suggest, however, that sovereign immunity does not protect a state agency from Section 1983 seeking only prospective or injunctive relief.  In *Ex Parte Young*, the U.S. Supreme Court created an exception to Eleventh Amendment immunity when a private litigant sues a state official for the purpose of enjoining the enforcement of an unconstitutional state statute.  Under the *Ex parte Young* legal fiction, *when an official* of a state agency *is sued in his official capacity for prospective equitable relief,* he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court.  *Ex parte Young*, 209 U.S. 123, 155-56) (1908).  In constructing this fiction, the Supreme Court reasoned "that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the State cannot cloak the officer in its sovereign immunity."  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997).

But "the exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought."  *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (internal citations omitted).  Any such suit seeking prospective or injunctive relief is deemed to be against officials and not the states or their agencies.  *Id.*  The *Ex Parte Young* doctrine therefore does not save the constitutional

claims against the Department from dismissal even though Plaintiffs only seek injunctive relief and not monetary damages.

In addition, Plaintiffs' tort claims against the Department are barred.  Here, Plaintiffs have asserted various negligence claims against the Department under the Idaho Torts Claim Act (ITCA).  "The purpose of the ITCA is to provide 'much needed relief to those suffering injury from the negligence of government employees.'" *Rees v. State, Dept. of Health and Welfare*, 137 P.3d 397, 406 (Idaho 2006) (citation omitted).  To serve this purpose, "[t]he Act abrogates sovereign immunity and renders a governmental entity liable for damages arising out of its negligent acts or omissions." *Van v. Portneuf Med. Ctr.*, 557, 212 P.3d 982, 987 (2009).  Liability is the rule and immunity is the exception.  *Rees*, 137 P.3d at 406.

Waiver of a state's eleventh amendment immunity, however, must be express and must explicitly extend to suits in federal court.  *Leer*, 844 F.2d at 632.  Statutes expressing a general waiver of sovereign immunity, without expressly subjecting the state to suit in federal court, do not waive Eleventh Amendment immunity.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985).  While the ITCA waives sovereign immunity generally, it does not expressly subject the state of Idaho to suit in federal court.  Therefore, the ITCA does not waive Idaho's Eleventh Amendment immunity.

The Court will dismiss the claims against the Department.  However, Plaintiffs' claims against the Department's individual employees remain.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

It is ORDERED that the Idaho Department of Health and Welfare's Motion to Dismiss is GRANTED.

DATED: February 10, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 6**