# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAMANTHA RICHARDSON, the natural mother of decedent KARINA MOORE; AALIYAH MOORE, sibling of decedent KARINA MOORE; SHAWN MOORE, sibling of decedent KARINA MOORE; and KARIN ROGERS, the maternal grandmother of KARINA MOORE; and the estate of KARINA MOORE,<br><br>      Plaintiffs,<br><br>      v.<br><br>The IDAHO DEPARTMENT OF HEALTH AND WELFARE, a political subdivision of the state of Idaho; STACEY WHITE, personally and in her official capacity; JENNIFER DUNCAN, personally and in her official capacity; JEREMY M. CLARK and AMBER M. CLARK and the marital community; John Doe 1 and John Doe 2 and others to be named hereafter; and the real property located at: 1605 E. 2nd Avenue, Post Falls, Idaho, legally described as:<br><br>Lot 3 Block 6, RIVERVIEW PARK ADDITION AT POST FALLS, Kootenai County, State of Idaho, according to the plat recorded in Book "D" of Plats, Page 161, records of Kootenai County, Idaho.,<br><br>      Defendants. | Case No. 2:10-cv-00648-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**MEMORANDUM DECISION AND ORDER - 1**

## INTRODUCTION

Minor child, K.M., died from a series of blunt force blows to her head while in the care of her foster parents, Defendants Jeremy M. Clark and Amber M. Clark. *Am. Compl*. ¶ 6, Dkt. 54. Plaintiff Samantha Richardson, K.M.'s mother, claims that she complained to Defendants Stacy White and Jennifer Duncan, both social workers employed by the Idaho Department of Health and Welfare, that K.M. had sustained injuries while under the foster care of the Clarks. *Id.* ¶ 4. Richardson maintains that both White and Duncan did nothing in response to her complaints. Now, K.M.'s family, the plaintiffs in this action, claim that White and Duncan are responsible for K.M.'s death.

White and Duncan have moved to dismiss Plaintiffs' claims. They argue that the Eleventh Amendment bars the claims against them in their official capacities, and the doctrine of qualified immunity immunizes them from suit in their personal capacities because Plaintiffs have failed to set forth facts suggesting that White and Duncan's conduct violated a clearly-established constitutional right. For the reasons set forth below the Court will grant the motion with respect to the claims against White and Duncan in their official capacities, but will deny the motion with respect to the claims against White and Duncan in their individual capacities.

## ANALYSIS

### 1.      Official Capacity

 "[S]uits against state officials in their official capacity are no different from suits against the state itself." *Krainski v. Nevada*, 616 F.3d 963, 968 (9th Cir. 2010). The

Eleventh Amendment creates a jurisdictional bar to private damages actions against states in federal court." *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988).

Few rules are without exceptions, however, and a state may waive its sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). But the waiver must be explicit: "we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Id.* (internal quotation marks omitted). And the state of Idaho has not waived sovereign immunity for state or federal constitutional violations. *Id. See also Hickman v. Idaho State Sch. & Hosp.*, 339 F.Supp. 463 (D.Idaho 1972). Therefore, the claims against White and Duncan in their official capacities must be dismissed.

## 2.  Individual Capacity

White and Duncan argue that the claims against them in their individual capacities should also be dismissed based on qualified immunity.

The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 731 (2002). In order to hurdle a defendant's claim of qualified immunity, a plaintiff must satisfy a two-part test. *Saucier v. Katz*, 533 U.S. 194, 201(2001). First, the Court must consider whether the plaintiff's allegations, taken as true, establish a constitutional violation. *Id.*

Secondly, if such allegations do establish a constitutional violation, the Court must determine whether the right was clearly established. *Id.* at 202.

Here, White and Duncan argue that Plaintiffs have failed to articulate a deprivation of a clearly-established constitutional right. Not so. Plaintiffs allege in their Amended Complaint that "Defendants have denied Plaintiffs' federally protected rights guaranteed under the 5th and 14th Amendments of the Constitution of the United States and that Defendants' willful and malicious conduct has caused the deprivation of those federally guaranteed rights of substantive due process." *Am. Compl.* ¶ 20, Dkt. 54.  "The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent." *Tamas v. Department of Social & Health Services*, 630 F.3d 833, 842 (9th Cir. 2010) . "This right was clearly established at the time of K.M's death. *Id.* at 846 ("[W]e conclude that it was clearly established in 1996 that Appellees had a protected liberty interest in safe foster care placement once they became wards of the state.").

Accordingly, the Court will deny White and Duncan's motion to dismiss the claims against them in their individual capacities based on their argument that Plaintiffs have failed to identify a clearly-established right. White and Duncan made no other arguments in support of the motion to dismiss the claims against them in their individual capacities. For example, White and Duncan did not argue that Plaintiffs have failed to establish an actual constitutional violation. Any unaddressed issues remain open, and White and Duncan may renew their qualified-immunity arguments at the summary-judgment stage.

MEMORANDUM DECISION AND ORDER - 4

# ORDER

**IT IS ORDERED that** Defendants Stacy White and Jennifer Duncan's Motion to Dismiss (Dkt. 88) is GRANTED in part and DENIED in part.

DATED: March 31, 2015

B. Lynn Winmill
Chief Judge
United States District Court